PER CURIAM.
It seems unnecessary to add anything to the opinion of the circuit court and the one cited above from 77 Fed. The complainant’s brief has much to say as to the author’s having no “intention to abandon.” Of course, there are cases where knowledge of a person’s intent is materially helpful towards the determination of what his actions really were. The statue or picture exhibited to friends in the artist’s studio, the MS. submitted to critics for suggestions as to alteration, the books distributed for purposes of future sale, are cases in point. But where an author causes what he has written to be printed, and then allows it to be put publicly on sale, offering copies to whomever chooses to buy, and actually selling such copies by the thousand, it is idle to say that there had been no publication of what is thus printed and given to the world, because the author intended thereafter to combine what he has thus sold with other writings of his own, and then to apply for copyright on the combination. The statute, it will be observed, says nothing about “abandonment” or “intention to abandon.” Copyright is refused where the printed copy of the title has not been filed “before publication.” As to so much of the book as has been published before filing title the author cannot under this statute obtain copyright. If he has published part of the book only, he may no doubt copyright the remainder; but where he has actually published and sold in separate parts every chapter and sentence from the first word to the last, it is difficult to conceive how, in the face of this statute, he could nevertheless obtain a copyright for the book as a whole. He might have copyrighted each part monthly as it appeared. Suppose he had done so, and then sold each copyright to some one else. What rights would each purchaser have? Clearly, to enjoin any one, even the author, from *516 offering for sale copies of the particular part covered by the particular copyright the purchaser owned. But would it be contended for a moment that, although the author could not lawfully sell copies of any single part thus copyrighted (and the copyright transferred for value to another), he might nevertheless sell copies of all the parts, if printed and bound together in a single booh, justifying his infringement of any one copyright by the fact that he at the same time infringed eleven others. The proposition contended for that the whole book is something other or different from the aggregation of all its parts is a refinement of which we do not think the statute is susceptible. The decree of the circuit court is affirmed, with costs.